United States District Court
Southern District of Texas
**ENTERED**
November 16, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TREY LEWIS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-01294 |
| | § | |
| CITADEL SERVICING | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant Citadel Servicing Corporation's Motion for Summary Judgment. *See* Dkt. 31. Having considered the summary judgment briefing, the record, and the applicable law, I **GRANT** the motion for summary judgment.

## BACKGROUND

On December 18, 2018, Citadel Servicing Corporation ("Citadel") loaned $700,000 to Plaintiff Trey Lewis ("Lewis"). In turn, Lewis signed a Promissory Note, agreeing to repay Citadel through monthly payments made over a 360-month period. As part of this transaction, Lewis also executed a Deed of Trust to secure the Promissory Note.

The Deed of Trust identifies the security provided as property located in Harris County with a "Legal Description Attached Hereto and Made a Part Hereof." Dkt. 32-3 at 3. Attached to the Deed of Trust is a metes and bounds description, which describes the property, in part, as follows:

> BEING ALL OF TRACT I AND TRACT II AS RECORDED UNDER HARRIS COUNTY CLERKS FILE NUMBER X332854 AND BEING HEREIN DESCRIBED AS COMPRISING TRACT 1: THE WEST 98.52 FEET OF LOT 4 & THE EAST 30 FEET OF LOT 5 AND TRACT 2: 7373-SQUARE FQOT TRACT OUT OF THE WEST 95 FEET OF LOT 5, BOTH IN BLOCK 3, GREENWOOD ADDITION AS RECORDED IN VOLUME 37, PAGE 58 OF THE MAP RECORDS OF HARRIS

> COUNTY, TEXAS (BASIS OF BEARINGS RECITED HEREIN), SAID 7373-SQUARE FOOT TRACT 2 BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

*Id*. at 29. The metes and bounds description clearly identifies the secured property as consisting of two separate tracts. Tract I is an improved property. Tract II is an unimproved lot. The complicating factor is that the Deed of Trust also identifies the secured property as 4730 Ivanhoe Street, Houston, Texas 77027. *See id*. at 3.

Lewis maintains that he owned two distinct parcels: 4730 Ivanhoe Street (Tract I) and 4734 Ivanhoe Street (Tract II). He says that Citadel should have only placed a lien on 4730 Ivanhoe Street (Tract I), not 4734 Ivanhoe Street (Tract II). He requested that Citadel remove the lien on Tract II, but Citadel refused.

In 2020, Lewis failed to make his monthly payments as required by the Promissory Note. As a result, on November 19, 2020, Citadel sent Lewis Notice of Intent to Foreclose, informing him that his loan was in default in the amount of $18,455.85. Citadel further explained to Lewis that if he failed to cure the default within 30 days, Citadel would accelerate the loan and, quite possibly, proceed with a foreclosure. Lewis did not cure the default. Citadel proceeded with a non-judicial foreclosure. Tracts I and II were foreclosed on December 6, 2022.

A few months after the foreclosure, Lewis filed suit against Citadel in Texas state court. The Original Petition set forth the following causes of action: (1) Breach of Contract; (2) Forfeiture and Removal of Invalid Lien; (3) Statutory Fraud; (4) Quiet Title; (5) Trespass to Try Title; (6) Tortious Interference with a Contract; and (7) Declaratory Judgment. Citadel timely removed the lawsuit to federal court. Once in the federal forum, Lewis filed a supplemental pleading, adding a cause of action for wrongful foreclosure.

Citadel has now moved for summary judgment, asking that all of Lewis's claims be thrown out.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## OBJECTIONS TO SUMMARY JUDGMENT EXHIBITS

Citadel objects on a number of grounds to several exhibits offered by Lewis in response to its Motion for Summary Judgment. I deny these objections as moot because "this evidence does not affect the disposition of the summary judgment motion." *Lilly v. SSC Houston Sw. Operating Co.*, No. 4:20-cv-03478, 2022 WL 35809, at *3 n.2 (S.D. Tex. Jan. 4, 2022); *see also Banks v. Bell Helicopter Textron, Inc.*, No. 4:10-cv-653, 2011 WL 13291576, at *4 (N.D. Tex. Nov. 4, 2011) ("[B]ecause [Defendant] is entitled to judgment as a matter of law even considering the objected-to evidence, the Court overrules [Defendant]'s objections as moot."); *Jones v. United Parcel Serv., Inc.*, No. 3:06-cv-1535, 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008) (denying objections to summary judgment evidence as moot because the evidence was "not central to the court's conclusions, and sustaining the parties' objections would not change the result").

Lewis also objects to several of the exhibits (Exhibits E, F, K, and L) filed in support of Citadel's Motion for Summary Judgment. Lewis claims the objected-to documents are irrelevant, contain hearsay, and lack a proper foundation. Because these exhibits ultimately play no role in my decision to grant summary judgment in favor of Citadel, I will not spend considerable time addressing the merits of the objections. I will simply sustain the objections and move to analyzing the issues involved at this summary judgment stage.

## LEWIS'S CLAIMS FOR AFFIRMATIVE RELIEF

I will examine each cause of action asserted by Lewis to determine if summary judgment is appropriate.

### A. BREACH OF CONTRACT

As part of his breach of contract action, Lewis alleges that Citadel breached both the Promissory Note and the Deed of Trust.

To prevail on a breach of contract claim under Texas law, Lewis must establish four elements: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) the plaintiff sustained damages as a result of the breach." *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (quotation omitted).

Lewis's breach of the Promissory Note claim fails because he cannot satisfy the second essential element—that he performed under the Promissory Note. It is uncontroverted that Lewis failed to perform under the Promissory Note.[1] He did not make the monthly payments as required, leading to Citadel's foreclosure action. Accordingly, any breach of contract claim premised on the Promissory Note fails. *See Mays v. Wells Fargo Home Mortg.*, No. 3:12-cv-4597, 2013 WL 2984795, at *2 (N.D. Tex. June 17, 2013) ("[W]here the plaintiff has failed to perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action.").

---

[1] It is not clear how Citadel allegedly breached the Promissory Note, but that is of no moment because Lewis did not meet his obligations under the Promissory Note.

4

Turning to the breach of contract claim premised on the Deed of Trust, Lewis contends that Citadel "materially breached the contract by erroneously placing a lien upon property that was not included in the contract, as collateral." Dkt. 1-2 at 5. This breach of contract claim fails because no genuine issue of material fact exists on element two (performance by Lewis) or element three (breach by Citadel).

Let me start with element two. The Deed of Trust requires Lewis to "pay when due the principal of, and interest on, the debt evidenced by the [Promissory] Note and any prepayment charges and late charges due under the [Promissory] Note." Dkt. 37-2 at 3. By failing to make timely monthly payments as required by the Promissory Note, Lewis violated this provision. Additionally, the Deed of Trust put the onus on Lewis to "pay all taxes, assessments, charges, fines, and impositions attributable to the Property." *Id.* at 5. Lewis violated that provision by failing to pay *ad valorem* property taxes. Stated simply, Lewis's "own default [of the Deed of Trust] precludes [him] from asserting a cause of action for breach of contract against" Citadel. *Bush v. Wells Fargo Bank, N.A.*, No. SA:13-cv-530, 2014 WL 12496571, at *6 (W.D. Tex. Apr. 24, 2014).

Lewis's claim for breach of the Deed of Trust also fails because he cannot demonstrate that Citadel violated the agreement (element three to a breach of contract claim). Lewis argues that Citadel erroneously placed a lien on 4734 Ivanhoe Street (Tract II) when the Deed of Trust listed only a street address at 4730 Ivanhoe Street (Tract I). What Lewis fails to mention is that the Deed of Trust also contained a metes and bounds description of the property for which Citadel possessed a security interest. That metes and bounds description unquestionably included Tract I (4730 Ivanhoe Street) and Tract II (4734 Ivanhoe Street), the two parcels on which Citadel placed a lien and, eventually, foreclosed. At first blush, there seems to be a conflict between the metes and bounds description (which included both Tracts I and II) and the street address, which was limited to 4730 Ivanhoe Street (Tract I). But the law is clear: "When the property's street address conflicts with the legal description from appraisal-district records, the legal

5

description controls." *Ryan v. Ryan*, No. 02-22-00471-cv, 2023 WL 4007393, at *4 (Tex. App.—Fort Worth June 15, 2023, no pet.); *see also WK Props., Inc. v. Perrin SA Plaza, LLC*, 648 S.W.3d 513, 518–19 (Tex. App.—San Antonio 2021, no pet.) (holding that the legal description from appraisal-district records recited in a deed controlled over conflicting street addresses); *White v. Harrison*, 390 S.W.3d 666, 678–79 (Tex. App.—Dallas 2012, no pet.) ("[T]he legal description of a property will control over a common description or street address."). The metes and bounds description thus controls, and that clearly provides that the security interest covered by the Deed of Trust includes both Tract I and Tract II. *See Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 20–21 (Tex. 2015) ("We have long held that all parts of a written instrument must be harmonized and given effect if possible, but in case of a conflict the more specific provisions will control over general expressions which are worded as being applicable to the same land. . . . [T]he metes-and-bounds description is more specific and therefore better indicates the parties' intent." (quotation omitted)). Given the well-settled presumption that "a party who signs a contract knows its contents," Lewis cannot escape the scope of the metes and bounds description incorporated into the Deed of Trust. *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996). Citadel properly placed a lien on Tract I and Tract II and foreclosed on both tracts. Citadel did not breach the Deed of Trust.

**B.     FORFEITURE AND REMOVAL OF INVALID LIEN**

Lewis asserts that Citadel's lien is invalid under Section 50(c) of the Texas Constitution. Section 50(c) provides, in part, that "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section." TEX. CONST. art. XVI, § 50(c). This section has no applicability here as Lewis expressly represented in the Deed of Trust that he "does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by [the Deed of Trust] as a business or residential homestead." Dkt. 37-2 at 13–14; *see also* Dkt. 32-14 at 1 (Non-Homestead Affidavit executed by Lewis expressly

6

disclaiming any homestead rights to 4730 Ivanhoe Street). Any claim brought under Section 50(c) of the Texas Constitution fails.

C.   **STATUTORY FRAUD**

Next, Lewis advances a statutory fraud claim under Texas Business and Commerce Code § 27.01, which provides a cause of action for fraud in real estate and stock transactions. "Section 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett,* 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet. denied). "A loan transaction, even if secured by land, is not within the scope of the statute." *Hansberger v. EMC Mortg. Corp.,* No. 04-08-00438-cv, 2009 WL 2264996, at *4 (Tex. App.—San Antonio July 29, 2009, pet. denied); *see also Tex. Com. Bank Reagan v. Lebco Constructors, Inc.*, 865 S.W.2d 68, 82 (Tex. App.—Corpus Christi 1993, writ denied) ("[S]ection 27.01 does not apply to a party who merely loaned money for the purchase of real estate. . . . We agree that section 27.01 applies only when the transaction in question includes the actual conveyance of real estate between the parties."). The transaction between Lewis and Citadel was purely a loan transaction. It did not involve "[f]raud in a transaction involving real estate or stock." TEX. BUS. & COM. CODE § 27.01(a). As such, § 27.01 is inapplicable to the present case. *See Greenway Bank & Tr. of Houston v. Smith*, 679 S.W.2d 592, 596 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (Section 27.01 "makes no mention of any application to guaranty agreements, secured by real estate, or to a party who 'merely' loaned money for the purchase of real estate."). Lewis's § 27.01 claim does not pass muster as a matter of law.

D.   **SUIT TO QUIET TITLE**

"A suit to quiet title is an equitable action to 'clear' a clouded title." *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 560 (N.D. Tex. 2021) (quotation omitted). "Title to property is 'clouded' when a party has an invalid claim to the property that serves to diminish the property's value." *Carter v. Bank of Am., N.A.*,

No. 3:12-cv-4550, 2013 WL 1482610, at *2 (N.D. Tex. Apr. 9, 2013). To establish a quiet title claim, Lewis must show:

> (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid.

*Warren v. Bank of Am., N.A.*, 566 F. App'x, 379, 382 (5th Cir. 2014).

In its Motion for Summary Judgment, Citadel argues that Lewis cannot meet his burden to present evidence showing that Citadel's claim to Tract I and Tract II is invalid or unenforceable. I agree. As explained above, the Deed of Trust specifically included both Tract I and Tract II as security. Citadel is entitled to judgment as a matter of law on Lewis's suit to quiet title.

### E. TRESPASS TO TRY TITLE

Lewis also asserts a claim for trespass to try title against Citadel. "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). The plaintiff can prevail only "upon the strength of his own title," *Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018) (quotation omitted), "not on the weakness of a defendant's title." *Martin*, 133 S.W.3d at 265.

This claim fails because, as discussed above in depth, Lewis cannot establish that he holds superior title to the unimproved property at 4734 Ivanhoe Street (Tract II). The Deed of Trust specifically includes a metes and bounds description giving Citadel security interest in both 4730 Ivanhoe Street (Tract I) and 4734 Ivanhoe Street (Tract II). Because Lewis is unable to create a genuine issue of material fact on the trespass-to-try-title action, summary judgment is required in favor of Citadel.

**F.     TORTIOUS INTERFERENCE WITH CONTRACT**

Lewis brings two, related causes of action for tortious interference with contract: (1) tortious interference with an existing contract; and (2) tortious interference with a prospective contract or business relations.

The elements of a claim for tortious interference with an existing contract are "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). To prevail on a claim for tortious interference with prospective business relations, Lewis must establish that

> (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.

*Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

Lewis contends that on June 20, 2020, he entered into a sales contract with a private buyer to sell 4734 Ivanhoe Street.[2] The crux of Lewis's claim is that the 2020 contract for the sale of 4734 Ivanhoe Street fell through as a result of the lien Citadel placed on the property back in December 2018. The loan transaction took place on December 18, 2018, and the Deed of Trust was recorded in real property records on December 19, 2018.

As far as the claim for tortious interference with an existing contract is concerned, Citadel correctly observes that "[i]t is impossible that the loan Citadel extended to [Lewis] on December 18, 2018 could interfere with a contract that did

---

[2] Lewis's affidavit refers to the date of the sales contract on 4734 Ivanhoe as June 20, 2021, but that is clearly a mistake. *See* Dkt. 37-1 at 2. Every other document in the case refers to the date of the sales contract as June 20, 2020. Ultimately, it makes no difference whether the sales contract was executed in 2020 or 2021. The result is the same.

not even exist when the loan closed. In short, [Citadel] cannot interfere with a contract if it is ignorant of the contract's existence." Dkt. 31 at 26–27. Additionally, the summary judgment record is devoid of any evidence remotely suggesting that Citadel took some sort of willful or intentional act designed to cause Lewis injury. Citadel simply secured property as part of a loan transaction and foreclosed on that property once Lewis failed to make payments as required by the Promissory Note. Because there is no genuine issue of material fact on elements one (an existing contract subject to interference) or two (a willful and intentional act of interference with the contract), Lewis's claim for tortious interference with an existing contract fails.

The cause of action for tortious interference with prospective business relations also does not survive summary judgment. There are a host of reasons why. As noted, Citadel properly placed a lien on property owned by Lewis as security for a loan. Lewis thus cannot demonstrate that Citadel's conduct was independently tortious or unlawful (element three). Additionally, Lewis cannot show that there was a reasonable probability in December 2018 (the date Citadel placed on a lien on 4734 Ivanhoe Street) that he would have entered into a business relationship with a third party to sell the property (element one), or that Citadel either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of its actions (element two). Lewis's claim for tortious interference with an existing contract cannot proceed as a matter of law.

G.   **WRONGFUL FORECLOSURE**

In a Supplemental Petition, Lewis raises a cause of action for wrongful foreclosure. "Under Texas law, a cause of action for wrongful foreclosure has three elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Houle v. Casillas*, 594 S.W.3d 524, 540 (Tex. App.—El Paso 2019, no pet.) (quotation omitted). "The purpose of a wrongful foreclosure

action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001).

Lewis presents no summary judgment evidence on any of these elements. It is Citadel that presents undisputed evidence that no defect existed in the foreclosure sale proceeding, and the foreclosure sale price (98 percent of the purchase price) was not grossly inadequate. Lewis's real complaint is that he thinks Citadel should not have been permitted to foreclose on both Tracts I and II, but that contention has already been thoroughly debunked. Summary judgment is proper against Lewis on his wrongful foreclosure claim.

## H. DECLARATORY JUDGMENT

Lewis requests declaratory relief as a separate cause of action. Specifically, he asks for "a declaratory judgment that [Citadel] has no authority to maintain a lien upon 4734 Ivanhoe, has no ownership interest in 4734 Ivanhoe, [Citadel] must remove its lien from 4734 Ivanhoe, and [Lewis] has suffered damages due to [Citadel's] breach of contract between parties." Dkt. 1-2 at 9.

In determining whether declaratory relief is appropriate, I first note that the federal Declaratory Judgment Act does not create a cause of action. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act . . . is procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law."). Because I have already found summary judgment proper on Lewis's substantive claims, there is no underlying legal action upon which Lewis may receive declaratory relief. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (finding that because "declaratory judgment is remedial in nature," a determination that the underlying causes of action were properly dismissed "likewise warrants affirmance of the court's dismissal of [a] request for declaratory judgment"); *Verdin v. Fed. Nat'l Mortg. Ass'n,* 540 F. App'x 253, 257 n.4 (5th Cir. 2013) ("[Plaintiff]'s request for an accounting and for declaratory judgment both

fail because the district court properly disposed of his underlying substantive claims."); *Garrett v. U.S. Bank, Nat'l Ass'n*, No. H-13-595, 2013 WL 2368341, at *2 (S.D. Tex. May 29, 2013) (dismissing declaratory judgment claim where plaintiff "alleged no facts to show a justiciable controversy"). The declaratory judgment claim should, therefore, be dismissed.

## CITADEL'S CLAIMS FOR ATTORNEY'S FEES

At the end of its Motion for Summary Judgment, Citadel includes a request that I award it $29,885 in attorney's fees under the Texas Uniform Declaratory Judgments Act. That statute allows a trial court to award "reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009.

I must deny Citadel's application for attorney's fees because the Texas Declaratory Judgments Act is a procedural mechanism that is inapplicable in federal court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). The Fifth Circuit has expressly held that "a party may not rely on the Texas [Declaratory Judgments Act] to authorize attorney's fees in a diversity case because the statute is not substantive law." *Id.* In a diversity case such as this one, any declaratory judgment action must be brought under the federal Declaratory Judgment Act. *See id.* "When a declaratory judgment action filed in state court is removed to federal court, the federal court does not apply the Texas Declaratory Judgment Act." *Collins v. Nat'l Football League*, 566 F.Supp.3d 586, 602 (E.D. Tex. 2021) (quotation omitted). Instead, the "action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co. Ltd.*, No. 3:06-cv-1022, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007). Important to this discussion, the federal Declaratory Judgment Act does not authorize a grant of attorney's fees to a prevailing party. *See Mercantile Nat'l Bank at Dall. v. Bradford Tr. Co.*, 850 F.2d 215, 218 (5th Cir. 1988) (holding that the federal Declaratory Judgment Act "does

not by itself provide statutory authority to award attorney's fees that would . . . otherwise be available under state law in a diversity action").

## CONCLUSION

There is no genuine issue of material fact on any of the causes of action brought by Lewis in this lawsuit. As a result, Citadel's Motion for Summary Judgment (Dkt. 31) is **GRANTED**.[3] This case is dismissed.

SIGNED this 16th day of November 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] Also pending before me are Citadel's Motion to Exclude Expert Testimony (Dkt. 33) and Lewis's Motion for Leave to File Jury Demand (Dkt. 42). Because I am granting summary judgment in favor of Citadel, both of these motions are denied as moot.